# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

Crim. No. 10-165 (DSD/JJK)

v.

**REPORT AND RECOMMENDATION**

(2) Nathan Daniel Jesh,

    Defendant.

---

Charles J. Kovats, Esq., and John R. Marti, Esq., Assistant United States Attorneys, counsel for Plaintiff.

Lyonel Norris, Esq., counsel for Defendant Jesh.

---

JEFFREY J. KEYES, United States Magistrate Judge

    This matter is before the Court on Defendant Nathan Daniel Jesh's Pretrial Motion to Suppress Evidence (Doc. No. 40), and Pretrial Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 41). This Court held a hearing on the motions on September 1, 2010, and received three exhibits from the Government, including two search warrants and supporting affidavits at issue, and a receipt for property received, returned or seized. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1.

For the reasons stated below, this Court recommends that Defendant's motions be denied.

## BACKGROUND

Defendant Nathan Daniel Jesh has been charged with one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1371. (Doc. No. 1.) The Government alleges that Defendant Jesh took part in a conspiracy to fraudulently obtain loan proceeds by making materially false representations and promises and withholding material information about the residential property purchases orchestrated by agents of TJ Waconia LLC and other affiliated entities (the "TJ Group"). (*Id.*) The Government also alleges that Defendant Jesh was a closing agent for Total Title, LLC, a company affiliated with TJ Waconia LLC, and that he twice directed the repayment for the down payment provided by a nominal property for purposes of defrauding the lenders to close the transactions. (*Id.*)

**The Search Warrants**

On November 13, 2007, Magistrate Judge Susan R. Nelson issued a warrant to search 3101 Old Highway 8, Roseville, MN 55113, Suites 100, 104, 105, and 203. (Hr'g Ex. No. 1.) On November 15, 2007, Judge Nelson issued a second warrant to search additional suites of the same premises. (Hr'g Ex. No. 2.) Both search warrants were issued on the basis of probable cause contained in the application for search warrant and supporting affidavit of Special Agent Jennifer L. Khan ("Khan Affidavit"). (Hr'g Ex. Nos. 1 and 2.) The search of

the premises was conducted on November 15, 2010.  (Hr'g Ex. No. 3.)   During the course of the search, numerous loan files and mortgage documents, as well as images of computer drives and other electronic data were seized by the Government from various suites of the premises.  (*Id.*)

Based on the above, Defendant Jesh was subsequently indicted on one count of conspiracy to commit mail fraud.

## DISCUSSION

### I. Motions to Suppress Evidence

Defendant Jesh filed a Pretrial Motion to Suppress Evidence (Doc. No. 40), and a Pretrial Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 41). [1] Defendant Jesh's counsel offered no oral argument and instead relied on the written submission in support of the motion.  The Government argued that the searches conducted at the offices of the TJ Waconia businesses at 3101 Old Hwy 8, Roseville, Minnesota were lawful, as they were based on probable cause as set forth in the warrant application and supporting affidavit.  The Government also argued that Defendant Jesh has no standing to contest the search.  Neither the Defendant nor the Government

---

[1] The grounds for the latter motion appear to be substantially similar to the grounds for Defendant's Motion to Suppress Evidence, and counsel made no distinction between them at the hearing.  Therefore, the Court will analyze both motions together.

requested post-hearing briefing on these issues.  Exhibits were received in regard to the search and seizure but were not admitted into evidence.

### A. Defendant Jesh's Standing to Challenge the Search

Fourth Amendment rights are personal and cannot be asserted vicariously. *United States v. Pierson*, 219 F.3d 803, 806 (8th Cir. 2000).  A defendant moving to suppress evidence must show a legitimate expectation of privacy in the thing searched.  *United States v. Gomez*, 16 F.3d 254, 256 (8th Cir. 1994).   A defendant who "fails to prove a sufficiently close connection to the relevant places or objects searched . . . has no standing to claim that they were searched or seized illegally." *Id.*  A defendant seeking suppression has the burden of establishing a reasonable expectation of privacy, which the Court assesses by evaluating such factors as ownership, possession, and use of and ability to control the place searched or the item seized.  *Pierson*, 219 F.3d at 806.  If the Court finds facts supporting both sides such that it is not "well positioned" to determine if a party has a reasonable expectation of privacy, it can examine instead the validity of the search.  *See United States v. Kuenstler*, 325 F.3d 1015, 1021 (8th Cir. 2003).

Here, with respect to the warrants for the search of the premises of TJ Waconia and other entities at 3101 Old Highway 8, Roseville, Minnesota, Defendant Jesh has not articulated, much less established, any cogent basis for an actual, subjective expectation of privacy in those premises. According to the Government's representations, at the time of the search, Defendant Jesh was an

4

employee of Total Title. (Doc. No. 86, Gov't.'s Resp. to Def.'s Pretrial Mots. ("Gov't.'s Resp.") 5.) The Khan Affidavit states that Total Title, located in Brooklyn Park, has been the title closer for numerous property purchases arranged by the principals of TJ Waconia—Thomas Balko and Jonathan Helgason. (Hr'g Ex. No. 1.) The Affidavit further states that Total Title was owned by Helgason and Balko and two other parties. (*Id.*) Finally, the Khan Affidavit indicates, based on the information received from a cooperating witness ("CW"), that Total Title had closed its doors and that all of the files had been removed by an employee of the company and that its office space was vacant. (*Id.*) The Government represents that the premises of Total Title were never searched. (Gov't.'s Resp. 5.)

While the Khan Affidavit makes clear that there is plainly a connection between TJ Waconia, Total Title, and numerous other entities, Defendant has not made a sufficient showing of a possessory or proprietary interest in the area searched, or demonstrated a sufficient nexus between the area searched and his own work place. For example, Defendant has not proffered any evidence that (1) he had a key to the searched office spaces; (2) he worked in those offices with regularity; (3) he had stored any of his personal effects there, apart from certain business-related records reflecting his name; or (4) he had attempted to restrict others from accessing the materials that were located at TJ Waconia and the related entities. *See United States v. Wiley,* 847 F.2d 480, 481 (8th Cir. 1988) (stating that absence of evidence that defendant had key to third party's

5

premises, had permission to enter in the owner's absence, had personal effects stored there, or had received his mail at that address, militated in favor of a finding of no legitimate expectation of privacy); *see also United States v. Judd,* 889 F.2d 1410, 1413 (5th Cir.1989), *cert. denied sub nom. Poodry v. United States,* 494 U.S. 1036 (1990) (holding no standing where the corporate officials challenging search warrant "did not work out of that office," even though the corporate President had prepared some records that had been seized); *U.S. v. Najarian,* 915 F. Supp. 1441, 1453-54 (D. Minn. 1995) (stating that standing existed only where partner took substantial steps to secure records from official and unofficial review). Accordingly, this Court concludes that Defendant Jesh lacks legal standing to challenge the lawfulness of the searches.

### B.  Probable Cause for the November 2007 Search Warrants

Nonetheless, even assuming Defendant Jesh had standing to challenge the validity of the searches, this Court concludes that the searches here were supported by probable cause, as set forth in the warrant applications and the underlying affidavits. Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *United States v. Fladten*, 230 F.3d 1083, 1085 (8th Cir. 2000) (citing *Illinois* v. *Gates*, 462 U.S. 213, 236 (1983)). When determining whether probable cause exists, a court does not independently evaluate each piece of information, but, rather, considers all of the facts for their cumulative meaning. *United States v. Allen*,

6

297 F.3d 790, 794 (8th Cir. 2002). The task of a court issuing a search warrant is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . ., there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238; *see also United States v. Salter*, 358 F.3d 1080, 1084 (8th Cir. 2004). Courts should not review search warrants in a hyper-technical fashion. *United States v. Caswell*, 436 F.3d 894, 897 (8th Cir. 2006).

In reviewing the decision of the issuing court, this Court must ensure that the court "'had a substantial basis for . . . conclud[ing] that probable cause exists.'" *United States v. Oropesa*, 316 F.3d 762, 766 (8th Cir. 2003) (quoting *Gates*, 462 U.S. at 238-39). Because reasonable minds may differ on whether a particular search-warrant affidavit establishes probable cause, the issuing court's determination is accorded great deference. *United States v. Wajda*, 810 F.2d 754, 760 (8th Cir. 1987) (citing *United States v. Leon*, 468 U.S. 897, 914 (1984)).

Defendant Jesh has not articulated any reason for his boilerplate allegation that any search warrant issued in this case was issued without a sufficient showing of probable cause in the supporting affidavit. (Doc. No. 40, Def.'s Pretrial Mot. to Suppress Evid. ("Def.'s Mot.") 1.) Nor has Defendant provided any evidence that the Kahn Affidavits did not support a finding of probable cause for the issuance of the search warrants, or that the warrants issued based on her Affidavits were overbroad and lacked specificity as to the items to be seized. Applying a practical, common sense reading to Kahn's Affidavits, this Court finds

7

sufficient probable cause to believe that a search of the records and other materials in the various suites on these premises would uncover the evidence of a crime.

The Khan Affidavit, dated November 13, 2007, which is 11 pages in length, describes the affiant's basis for believing that TJ Waconia is involved in a mortgage-fraud scheme. (Hr'g Ex. Nos. 1.) For example, the Affidavit describes the information obtained by Khan through three cooperating witness interviews, her own review of documents relating to TJ Waconia and its principals, and surveillance of the subject property. (*Id.*) Based on the facts set forth in the affidavit, including witness interviews, Khan concluded that "Thomas Balko and Jonathan Helgason as principals of TJ Waconia (and variations of this name), Total Title, Citywide Management, Investors Warehouse, and Complete Real Estate submitted false and fraudulent documents to banks and mortgage lending institutions," that these false and fraudulent documents were created using computers, and that the subject property contained such computers. (*Id.*) Based on her experience and training as a Special Agent, Kahn further explained that computer hardware, peripheral devices, software, electronic files, documentation and passwords are integral to the functioning of businesses like TJ Waconia and the others; that computer hardware, peripheral devices, software, electronic files, documentation and passwords themselves may be the instrumentalities, fruits, or evidence of crime, and also maybe the objects used to collect and store information about crimes (in the form of electronic data); and

that computer storage devices must be seized so that they can be searched by a qualified computer expert in a laboratory or other controlled environment. (*Id.*)

Given the comprehensiveness of the Affidavit's factual recitations, a "reasonable person" could not reach a contrary finding. Accordingly, we conclude that the search warrants here were issued upon a compellingly cogent showing of probable cause.

### C. Leon Good-faith Exception

Even if probable cause did not exist, there was a facially valid warrant, and therefore the good-faith exception to the exclusionary rule, established in *United States v. Leon*, 468 U.S. 897 (1984), would have to be considered. "Under the good-faith exception, evidence seized pursuant to a search warrant that lacked probable cause is admissible if the executing officer's good-faith reliance on the warrant is objectively reasonable." *United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008). "The good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the [issuing judge's] authorization." *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007) (alteration in original) (quotations omitted). "When assessing the objective [reasonableness] of police officers executing a warrant, [the Court] must look to the totality of the circumstances, including any information known to the officers but not presented to the issuing judge." *Id.* at 431 (alteration in original) (quotations omitted). Here, this Court concludes that the good-faith exception would apply. There is no

9

evidence to suggest that the officers' reliance on the warrants was not in good faith, nor is there evidence that the officers' reliance was not reasonable. For these reasons, this Court concludes that the evidence seized as a result of the execution of the search warrants need not be suppressed. Therefore, this Court recommends that Defendant's Pretrial Motion to Suppress Evidence (Doc. No. 37), and Pretrial Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 39), be denied.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that:

1. Defendant's Pretrial Motion to Suppress Evidence (Doc. No. 40), be **DENIED**; and

2. Defendant's Pretrial Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 41), be **DENIED.**


Date: September 10, 2010

*s/Jeffrey J. Keyes*

JEFFREY J. KEYES
United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 24, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's

right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **14 days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.